10679

### POOLE v. SOUTHERN RY. CO.

(108 S. E. 150)

1. COMMERCE—LIABILITY OF INTERSTATE RAILROAD FOR PUNITIVE DAMAGES GOVERNED BY STATE LAW, IN ABSENCE OF FEDERAL STATUTE.—The question of whether a railroad engaged in interstate commerce can be held liable for punitive damages to automobile driver, injured at crossing, is governed by the State law, in the absence of a federal statute.

2. RAILROAD—LIABLE FOR PUNITIVE DAMAGES FOR PERSONAL INJURIES.—An interstate railroad may be held liable for punitive damages to automobile driver, injured at crossing.

Before SHIPP, J., Greenville, April, 1920. Affirmed.

Action by Joseph P. Poole against Southern Railway Co. for damage to an automobile in a collision. From judgment for plaintiff the defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Under decisions of Supreme Court of the United States a master is not liable in punitive damages for the willful tort of his servant:* 147 U. S. 108; 16 Rose's Notes, 252; 48 L. R. A. (N. S.) 47. *This was case of interstate train and Federal rule applies:* 191 U. S. 477; 169 U. S. 133. *Where no Federal regulation of interstate traffic, presumption is that it was intended that carriers should be free from interference from State regulations in such particulars:* Judson Int. Commerce, 37; 169 U. S. 133; 191 U. S. 477. *Where transaction is an interstate one, Federal rule as to punitive damages prevails:* 105 S. C. 287; 106 S. C. 155; 92 S. C. 354, reversed 234 U. S. 542; 110 S. C. 169; 99 S. C. 422, reversed 240 U. S. 632. *State regulation must be tested by its effect on Interstate commerce:* Judson Int. Com., Sec. 7; 102 U. S. 691; 136 U. S. 104; 179 U. S. 270; 188 U. S. 321; 218 U. S. 135. *Decision of U. S. Court in a matter of federal jurisdiction is binding authority on a State Court:* 208 U. S. 614, 72 Pac. 988 (Cal.); 244 U. S. 319.

*Messrs. Martin & Blythe* and *Oscar Hodges,* for respondent, cite: *Jury would have been justified in finding that plaintiff's actual damage was as much as the verdict for punitive damages*: 73 S. C. 308; 101 S. C. 73. *Punitive damages for willful torts*: 3 S. C. 580; 35 S. C. 475; 68 S. C, 65; 65 S. C. 332; 81 S. C. 317; 108 S. C. 219; 110 S. C. 233. *Presumption of negligence where goods are destroyed in hands of warehouseman*: 99 S. C. 422. *But U. S. Supreme Court held that under U. S. Statutes* (34 Stat. at Large 584; Comp. Stat. 1913, Sec. 8563) *terminal service was part of transportation, and federal rule prevailed*: 240 U. S. 642, 60 L. Ed. 836. *Federal rule prevails in travel on a pass*: 105 S. C. 287. *As to punitive damages*: 106 S. C. 105; 239 U. S. 333, 60 L. Ed. 324; 68 S. C. 65; 194 U. S. 136, 48 L. Ed. 907.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff was riding in his automobile on a public highway, near the city of Greenville. He crossed the main line of the defendant company in safety. When he came to a spur track, a box car, loaded with goods, consigned to Fall River, Mass., came suddenly upon him and injured his car, and also inflicted injury upon the person of the plaintiff. The freight car was not attached to an engine and was being operated with no means of control. The action was for actual and punitive damages. The case was tried and a verdict rendered as follows: "We find for the plaintiff twelve hundred and fifty dollars." From the judgment entered on this verdict this appeal is taken, and raises the question of the liability of the defendant for punitive damages.

The verdict does not show that punitive damages are included, but the question of punitive damages is fairly made and should be decided. The record shows:

"The defendant requested the following charge: "The railway company in this case is shown to have been an interstate commerce carrier at the time, engaged in interstate commerce, and, that being the case, all instrumentalities of the carrier are exclusively within the control of the laws of the United States. I charge you that the laws of the United States which forbid the imposition of punitive damages upon a master for the willful tort of his servant, unauthorized or unratified by him, must be applied in this case; and even though the acts complained of were such as to justify the imposition of punitive damages under the laws of South Carolina, the jury in this case cannot impose such damages unless they believe from the evidence that the railway company authorized or ratified such acts of its employees.'

"The presiding Judge refused to charge as requested, and charged as follows: 'Now I might as well make a ruling at this point. The defendant sets up here that the railroad was engaged in interstate commerce, and that for that reason it is not liable to punitive damages, unless the act was ratified by the railroad company. I have been very much interested in the discussion about that; but, after having my attention called to the fact that the case that I was familiar with to some extent myself I had not looked at it in that view, I take it that punitive damages cannot be recovered against interstate carriers, when he is engaged in interstate commerce, where Congress has acted upon the subject, that he is engaged in interstate commerce. That is where it refers to the conduct toward the person party to the contract or passenger, where a person is on a train; but it has no application here. Where a railroad company is passing through this State, although it may be engaged in interstate commerce and injures some third person that is not concerned with the contract involved, and therefore I take it that this is to be governed by our State law, or the common law as administered in this State, and if you find that the

railroad was willful in this case, and that it willfully operated as the proximate cause of the injury to the plaintiff, if the plaintiff was injured, then they would be liable for punitive damages."

1, 2    We have been cited to no Federal statute, and we know of none that covers the case. The State law governs in the absence of a Federal statute, and the State law unquestionably allows punitive damages.

The judgment is affirmed.

MR. JUSTICE COTHRAN disqualified.